

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,394-04

### EX PARTE TIMOTHY ERNEST MAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11479-2 IN THE 355TH DISTRICT COURT
### FROM HOOD COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of driving while intoxicated and sentenced to seventy-five years' imprisonment. The Second Court of Appeals affirmed his conviction. *May v. State*, No. 02-10-00271-CR (Tex. App.—Fort Worth July 28, 2011) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In a single ground, Applicant contends that he is not the same "Timothy Earnest May" convicted of driving while intoxicated in cause number 0493757 in 1992 and that he was coerced into stipulating at trial that he was this person. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be

developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim that his stipulation was coerced. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to (1) whether Applicant is the same "Timothy Earnest May" convicted of driving while intoxicated in cause number 0493757 in 1992; and (2) if not, whether Applicant's stipulation at trial was coerced and he has other prior driving while intoxicated convictions that could have been properly alleged as jurisdictional enhancements. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 6, 2020
Do not publish